UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JACLYN J. PARK,

        **Plaintiff,**

  -against-

NEW YORK UNIVERSITY COLLEGE
OF DENTISTRY & DAVID
HERSHKOWITZ,

        **Defendants.**
------------------------------------------------------------X

Civ. No.: 19-cv-03901 (DLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/2020

## STIPULATION AND ORDER GOVERNING THE
## PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

  WHEREAS, certain information to be produced through discovery in in the above-captioned litigation (the "action") may incorporate confidential and/or proprietary business information and information involving the privacy rights of individuals;

  WHEREAS, the parties believe protection is necessary to safeguard this confidential and proprietary information that may be contained within documents or information produced by the parties or third parties herein; and

  WHEREAS, counsel for the parties to this action have expressed their desire to expedite the flow of discovery material to facilitate the prompt resolution of disputes over confidentiality and to ensure that protection is afforded only to material so entitled.

  IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and Defendants, that:

1. Any document and/or electronically stored information disclosed in the course of this litigation may, in good faith, be designated "Confidential" by the disclosing party. Such designation may be made at the time or within a reasonable time after the information is disclosed. Such designation shall be made by stamping the document "CONFIDENTIAL" or by any other means reasonably calculated to apprise the receiving party of the designation. Information designated Confidential shall not be shown, disclosed, or communicated by the receiving party or counsel in any way to anyone other than persons involved in the litigation as (a) parties, (b) attorneys for parties, including in-house counsel, and their paralegals, clerks, and secretarial employees, as needed, (c) on a need to know basis, employees of NYU, (d) witnesses in this action if review of such information is pertinent to their testimony; or (e) court reporters, consultants, or experts retained expressly for this action. To the extent Confidential Information disclosed by a party is shown to, or its contents are discussed with, any of the persons designated in (c), (d) or (e) above, each such person shall be given a copy of this Order, and shall sign a statement stating that s/he has read this Order, understands it, and agrees to be bound by it. To the extent a party may choose to rely upon Confidential Information in a court filing or at trial, the party shall file the Confidential Information ~~under seal~~ pursuant to the Individual Rules of Practice of Hon. Denise L. Cote.

2. Nothing shall be designated as Confidential except information that is genuinely private, personal, or proprietary to the disclosing party. No "Confidential" designation shall be made unless counsel for the designating party believes in good faith that it is significant to the interest of his/her client or to the privacy interests of other individuals that the designated matter be kept confidential and that the client would consider this matter, in the absence of this

litigation, to be confidential. Information shall not be designated as Confidential, and/or shall not continue to be treated as Confidential, if:

    a.     it is in the public domain at the time of disclosure;

    b.     it becomes part of the public domain through no fault of the receiving party;

    c.     the receiving party can show that the information was already in its rightful and lawful possession at the time of disclosure, but such information may be designated as Confidential if the receiving party initially obtained the information under an expectation that it would maintain the confidentiality of such information; or

    d.     the receiving party lawfully receives the information at a later date from a third party without restrictions on its further disclosure, provided that the third party had the right to make the disclosure to the receiving party.

3.     Any Confidential Information produced in this action shall be used solely for the purpose of litigating the above-captioned matter and for no other purpose. At the conclusion of this litigation, all information designated Confidential disclosed in the course of the litigation (and all copies thereof) shall be returned promptly to the attorney for the party that disclosed the information, or shall be destroyed promptly by the persons having possession, custody or control of it, except that counsel for the parties may maintain one copy of any such information in their files for record-keeping purposes.

4.     In connection with any deposition taken in this action:

    a.     During the course of any deposition, counsel for any party may designate the subject matter of questions and testimony as Confidential. Upon a Confidential designation, any person not permitted under paragraph 1 above to have access to Confidential

Information shall leave the deposition room. When testimony concerning any matter designated Confidential is concluded, all such persons may re-enter the deposition room. The designation of any portion of a deposition as Confidential shall not affect the admissibility of testimony.

        b.     The officer reporting any deposition shall indicate on the transcript what portions of the deposition have been designated Confidential and shall bind such portions separately if any party so requests.

        c.     The parties will not file with the Court any portions of any deposition transcripts that have been designated Confidential except in accordance with this Order.

        d.     After a deposition has been transcribed, any party may designate any portion of the transcript as Confidential, and such portion shall thereafter be treated as Confidential under the terms of this Stipulation of Confidentiality.

        5.     A party shall not be obligated to challenge the propriety of a designation of any information as Confidential at the time such designation is made, and a failure to do so shall not preclude a later challenge thereto. In the event that any party disagrees at any stage of the proceedings with the designation by a disclosing party of any information as Confidential, the parties shall first try in good faith to resolve the dispute informally. If the dispute cannot be resolved, the objecting party may file with the Court a written motion to remove the designation. If necessary to avoid public disclosure of the putatively Confidential Information, the moving party shall seek an order to file under seal pursuant to the Individual Rules of Practice of Hon. Denise L. Cote. The designating party shall file its response within one (1) calendar week of service of the motion, and failure to do so shall operate to remove the Confidential designation from the subject information. If the designating party timely responds to a motion to remove the designation from certain information, the parties shall continue to treat the information in accordance with the

4

designation unless and until the Court grants the motion, at which point the information may be treated as though it had never received the challenged designation, unless the Court's order requires other treatment.

6. In the event that any Confidential Information or document otherwise subject to the attorney-client privilege or attorney's work product privilege is produced, whether inadvertently or otherwise, such disclosure shall not constitute a waiver of any applicable privilege and the receiving party shall return immediately the privileged documents to the producing party, without retaining copies thereof.

7. All Information designated Confidential shall be maintained in a secure manner, with all reasonable measures being taken by the party with custody of such information to ensure its confidentiality in accordance with the terms of this Order.

8. This Agreement shall become effective as a stipulation among the parties immediately upon its execution by counsel for the parties, notwithstanding the pendency of approval by the Court. If the Court ultimately withholds its approval or makes its approval conditional, no party shall treat any Confidential Discovery Material produced subsequent to that time other than as provided in this agreement without giving the producing party sufficient advance notice to allow for application to the Court for additional relief.

9. This Stipulation and Order of Confidentiality may be amended by the agreement of counsel for the parties in the form of a written amendment, or by Order of the Court.

*So ordered.*

*Denise Cote*
*1/27/20*

| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Veronica S. Jung, Esq. | Susan D. Friedfel, Esq. |
| Owen H. Laird, Esq. | Delonie A. Plummer, Esq. |
| The Law Offices of Veronica S. Jung PLLC | Jackson Lewis P.C. |
| 200 Park Avenue, Suite 1700 | 44 South Broadway, 14th Floor |
| New York, New York 10166 | White Plains, New York 10601 |
| Dated: January 27, 2020 | Dated: January 27, 2020 |

So Ordered:_____
            Hon. Denise L. Cote

4821-3314-0644, v. 1

6